JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually and on behalf of others similarly situated, <br>    Plaintiff, <br><br> v. <br><br> TORRANCE MEMORIAL MEDICAL CENTER, <br>    Defendant. | CV 23-01237 DSF (JPRx) <br><br> Order GRANTING Motion to Remand (Dkt. 30) |

Plaintiff Jane Doe moves to remand this action to the Superior Court of California, County of Los Angeles. Dkt. 30 (Mot.). Defendant Torrance Memorial Medical Center (Torrance) opposes. Dkt. 40 (Opp'n). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

## I. BACKGROUND

On January 1, 2023, Plaintiff Jane Doe filed a class action lawsuit in California Superior Court on behalf of herself and all other similarly situated California citizens who had their highly sensitive personal information disclosed to Facebook without their knowledge or consent. See Dkt. 1-1, Ex. A at 3 (Compl.). Doe alleges that Torrance promises patients and prospective patients that it will not disclose their Health Information for marketing purposes without their written authorization, but contrary to these assurances, Torrance does not "follow the law prohibiting such disclosures." Id. ¶ 2. Doe alleges that since at least 2017, Torrance has disclosed protected health information

to Facebook and other third parties without patients' knowledge authorization, or consent. Id. ¶ 3. Torrance has deployed "various digital marketing and automatic rerouting tools embedded on its websites that purposefully and intentionally redirect personal health information to Facebook, who exploits that information for advertising purposes." Id. ¶ 4.

On February 17, 2023, Torrance removed the case pursuant to 28 U.S.C. § 1442(a)(1), the federal officer removal statute. See Dkt. 1.

## II. LEGAL STANDARD

A defendant may remove to federal court a state court action brought against the "United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . . ." 28 U.S.C. § 1442(a)(1); Watson v. Philip Morris Cos., Inc., 551 U.S. 142, 145 (2007). Federal officer removal is available under 28 U.S.C. § 1442(a) if "(a) [the removing party] is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" Fidelitad, Inc. v. Insitu, Inc., 904 F.3d 1095, 1099 (9th Cir. 2018).

## III. DISCUSSION

Torrance asserts that "[o]ver the past two decades, the federal government has engaged in an extensive effort to build a nationwide health information technology infrastructure," and this case challenges the legitimacy of actions Torrance "has taken in connection with pursuing that directive." Dkt. 1 at 1. Torrance contends that it has dutifully assisted and followed the federal government's direction in a public-private initiative to develop a nationwide infrastructure for health information technology, and in doing so, "has acted within the penumbra of federal action and office." Id. at 4. Torrance argues that it qualifies as a "person" under the statute and effectively acted under a federal officer. Id. at 6-8.

2

Torrance explains that the Office of the National Health Coordinator for Health Information Technology (ONC) published guidance for private providers to follow, including a five-year strategic plan that dictated that federal agencies were to collaborate with private stakeholders to build a culture of electronic health information access and use.  Id. at 5.  One aspect of the strategy was the Centers for Medicare & Medicaid Services' (CMS) Meaningful Use Program (MUP), aimed at increasing patients' meaningful use and engagement with electronic health records through the creation of patient portals.  Id.  According to Torrance, under the program, "providers must meet certain criteria to receive full Medicare reimbursement, one of which is having an interoperable patient portal."  Id.

Torrance asserts that it acted under a federal officer because the federal government incentivizes, regulates, monitors, and supervises Torrance's actions as part of the MUP "in order to meet the government's national priority of interoperable health information technology," and Torrance is helping the government produce the "nationwide, interoperable information technology infrastructure for health information."  Id. at 7.  Torrance contends that in the absence of its actions, the government "would be left alone to complete its mission," that the government has specified how to best enhance patient engagement, including through a patient portal, and that the government has created an office dedicated to this issue and has closely monitored the work of private entities like Torrance.  Id. at 8.

Doe asks the Court to reject Torrance's attempt to expand the federal officer removal statute.  She argues that Torrance is not effectively acting under a federal officer and is not acting on behalf of a federal officer in a manner akin to an agency relationship.  Id. at 9-11.  She contends that providing patient records is a private function, not a governmental task, and mere regulation or incentive through the MUP cannot turn a private hospital into an entity acting under a federal officer.  Id. at 10 (citing Watson, 551 U.S. at 153).  Doe also argues: (1) the MUP is a prototypical regulatory program that cannot create federal officer jurisdiction, (2) federal officer jurisdiction is improper because keeping private medical records is not a basic governmental

3

task, (3) no "significant risk of state-court prejudice" exists, and (4) Torrance relies only on out-of-circuit outlier decisions that have been firmly rejected by other courts. Id. at 13-20.

Torrance asserts in opposition that it assisted the federal government in carrying out a federal directive by increasing web traffic to its website, which contains a link to a patient portal. Opp'n at 7. It asserts that its "alleged efforts were in furtherance of implementing the federal government's goal" and are sufficient to effectuate removal to this Court. Id. Torrance also asserts that it gave patients the opportunity to access their personal electronic health records with Torrance through a MyTorranceMemorial patient portal and submitted reports on its involvement in the MUP to CMS. Id. at 12.

The Court agrees with Doe. The Supreme Court has "interpreted the term 'person acting under that officer' as extending to a 'private person' who has certain types of close relationships with the federal government." Cnty. of San Mateo, 32 F.4th at 756 (citing Watson, 551 U.S. at 152-53). "The Supreme Court has identified a number of factors courts should consider in determining whether a private person is acting under a federal officer for purposes of § 1442(a)(1)." Id. The Court considers: (1) "whether the person is acting on behalf of the officer in a manner akin to an agency relationship"; (2) "whether the person is subject to the officer's close direction, such as acting under the subjection, guidance, or control of the officer, or in a relationship which is an unusually close one involving detailed regulation, monitoring, or supervision"; (3) "whether the private person is assisting the federal officer in fulfilling basic governmental tasks that the Government itself would have had to perform if it had not contracted with a private firm"; and (4) "whether the private person's activity is so closely related to the government's implementation of its federal duties that the private person faces a significant risk of state-court 'prejudice, just as a government employee would in similar circumstances, and may have difficulty in raising an immunity defense in state court." Id. at 756-57 (internal quotation marks and citations omitted).

However, "[a] private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.' And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." Watson, 551 U.S. at 153. Courts "may not interpret § 1442(a) so as to 'expand the scope of the statute considerably, potentially bringing within its scope state-court actions filed against private firms in many highly regulated industries.'" Cnty. of San Mateo, 32 F.4th at 757 (quoting Watson, 551 U.S. at 153). The directions Torrance points to are general regulations and public directives regarding the development of health information technology and an electronic health records infrastructure. Therefore, removal is not justified by federal officer jurisdiction.

## IV. CONCLUSION

The motion to remand is GRANTED. The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.

Date: April 12, 2023

Dale S. Fischer
United States District Judge